**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSE ACOSTA, | Civil No.: 04-5474 (JEI) |
|     Petitioner, | |
| v. | **O P I N I O N** |
| JOHN NASH, Warden, | |
|     Respondent. | |

**APPEARANCES:**

Jose Acosta, Pro Se
#46118-054
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640-0902

John Andrew Ruymann
Asst. U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**IRENAS**, District Judge

On November 8, 2004, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted for filing to the Clerk of this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  On April 7, 2005, Respondent filed a Response to the Petition.  The Court has reviewed all documents submitted and for the following reasons will deny the instant Petition.

**BACKGROUND**

On January 31, 2001, Petitioner was convicted in the United States District Court, Southern District of New York, of various

drug offenses.  He was sentenced to 10 years imprisonment, with 5 years supervised release.  The record provided by Respondent reflects that on April 15, 2004, while confined at F.C.I. Fort Dix, Petitioner was charged with fighting with another person, a violation of the Bureau of Prison's ("BOP") disciplinary system.  The Incident Report filed by staff at the prison reported that on March 28, 2004, Petitioner was involved in a fight with another inmate.  The conclusion that Petitioner was fighting was based on a statement by a witness to the fight and injuries sustained by Petitioner.

Petitioner received a copy of the Incident Report, was advised of his rights, and made a statement denying his involvement.  The investigating officer reviewed the Incident Report, Petitioner's medical records, and photographs and concluded the charge was valid.

The Incident Report was forwarded to the Unit Disciplinary Committee ("UDC").  Petitioner refuted the charge against him.  The UDC referred the incident report to the Disciplinary Hearing Officer ("DHO") on April 19, 2004.

A hearing was held on April 28, 2004 before the DHO.  Petitioner was notified of his rights and offered a staff representative for the hearing, which he refused.  Petitioner provided no witnesses, but made a statement that he was not

involved in a fight, and that he hurt himself working in the Unit.

The DHO considered Petitioner's statement, the incident report, a memo, medical reports, and photographs as evidence. The DHO also used information received from a confidential informant. The DHO found that the act was committed as charged, and filed a report detailing his findings. Petitioner was sanctioned with 27 days disallowance of good conduct time, 60 days forfeiture of non-vested good conduct time, and 30 days disciplinary segregation. On May 12, 2004, the DHO report was signed by the DHO and served on Petitioner.

Petitioner appealed the DHO's decision to the appropriate administrative offices, and Respondent concedes that the matter has been properly exhausted.

In the instant habeas petition, Petitioner argues that he was denied the opportunity to investigate or "be told of exculpatory information," and that the DHO was "factually wrong" and did not have proper evidence to find him guilty. Further, Petitioner argues that his right to due process was violated because the sanction imposed was proper under the BOP Program Statement 5270.01. Petitioner argues that he should have been sanctioned with either loss of accrued good time, "or" potential good time, but not both.

3

**DISCUSSION**

**A.   Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 of the United States Code, section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

4

**B.     The Petition Will Be Denied.**

The Due Process Clause of the Fourteenth Amendment provides that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections.  U.S. CONST. amend. XIV.  In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings.  An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 563-71.  An inmate is also entitled to an inmate representative in some cases, and a written decision by the factfinder as to evidence relied upon and findings.  See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)(citing Wolff, 418 U.S. at 563-72).

Further, procedural due process is not satisfied "unless the findings of the prison disciplinary board are supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly
> charged atmosphere, and prison administrators must
> often act swiftly on the basis of evidence that might
> be insufficient in less exigent circumstances.  The
> fundamental fairness guaranteed by the Due Process
> Clause does not require courts to set aside decisions
> of prison administrators that have some basis in fact.
> Revocation of good time credits is not comparable to a
> criminal conviction, and neither the amount of evidence
> necessary to support such a conviction, nor any other
> standard greater than some evidence applies in this
> context.

Hill, 472 U.S. at 456 (internal citations omitted).  Moreover, the Court stated:  "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing."  Id. at 457.

In the instant case, Petitioner does not dispute that he was given proper and timely notice of the charges against him.  The Court notes that the incident report, dated April 15, 2004, included a written statement by the reporting officer of the charges against Petitioner.  Petitioner was also advised of his rights that day.  The matter was referred first to the UDC, and then to the DHO.  The DHO hearing occurred on April 28, 2004, and the DHO rendered its decision on May 12, 2004.  Petitioner was again advised of his rights before the DHO hearing on April 19, 2004.  Petitioner declined staff representation and denied the charges.  He presented no evidence or witnesses besides his statement that he was not involved in the fight.

The DHO's Report reflects that the following evidence was used by the DHO in rendering its decision to find Petitioner guilty of the charge: the report by the investigating officer; numerous medical injuries sustained by Petitioner (including abrasions and/or lacerations on the forehead, cheek, shoulder, chest, bridge of nose, and left hand); memo submitted by another officer documenting interview with another inmate concerning the incident, information from a confidential informant describing the fight; medical report of person with whom Petitioner was fighting; photographs taken by medical staff of Petitioner depicting injuries; incredibility of Petitioner's statement and lack of evidence presented by Petitioner.  Thus, the DHO found that the greater weight of the evidence supported the finding that Petitioner committed the act.  The Regional and National Offices of the BOP affirmed the DHO's decision and sanctions.

This Court finds that Petitioner's right to due process was not violated by the determination of the DHO.  A review of the record demonstrates that the procedures enunciated in Wolff, supra, were complied with, and there was sufficient evidence to support the DHO's finding of guilt.

Further, Petitioner's argument that his sanction was improper is without merit.  The charge for which Petitioner was found guilty was a "high category offense" for which the DHO "shall impose and execute one or more of sanctions A through M

7

[from the list of sanctions permitted]."  28 C.F.R. § 541.13(a)(2).  It is clear that the DHO in Petitioner's case imposed sanction B (forfeit 60 days non-vested good conduct time), B.1 (disallow 27 days good conduct time), and D (disciplinary segregation up to 30 days) to Petitioner's case.  See id.

## CONCLUSION

Based upon the foregoing, the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 will be denied.  An appropriate Order accompanies this Opinion.


s/*Joseph E. Irenas*
JOSEPH E. IRENAS
United States District Judge

Dated:    4/26/05